# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRANDON HARPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:20-CV-390-SRC |
| ) | |
| RAUL BANASCO, d/b/a ST. LOUIS ) | |
| COUNTY DEPARTMENT OF ) | |
| JUSTICE SERVICES, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the petition will be denied.

## **Background**

Petitioner is a federal pre-trial detainee currently being held at the St. Louis County Justice Center. On September 19, 2019, petitioner was indicted in this Court on two counts of aggravated identity theft, three counts of bank fraud, three counts of wire fraud, and one count of access device fraud. *See United States v. Harper*, No. 4:19-CR-761-SRC (E.D. Mo. filed Sept. 19, 2019). On the government's motion, the Court ordered petitioner to be detained pending trial, finding that "[t]here is no condition, or combination of conditions, that would reasonably ensure [petitioner's] appearance as well as the safety of the community." *Id.* at ECF No. 18.

## **Discussion**

In his § 2241 petition, petitioner alleges he was unlawfully arrested and is being unlawfully detained without bond. He cites to a "treaty with Morocco June 28 and July 15, 1786" in support of his argument, stating that "if any Moor shall bring Citizens of the United States or their Effect

to His Majesty, the citizens shall immediately be set at Liberty and their Effects restored." He also cites the treaty of Morocco to support his argument that "[n]o vessel shall be detained in Port on any presence whatever, nor be obligated to take on board any article without the consent of the Commander, who shall be at full Liberty to agree for the freight of any Goods he takes on Board."

For a writ of habeas corpus to be granted under § 2241, petitioner must be in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c). Fatal to petitioner's assertion of unlawful custody is the non-recognition of the Moorish Nation as a sovereign state by the United States. *See Benton-El v. Odom*, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007) (citing *Osiris v. Brown*, 2004 WL 2044904 *2 (D.N.J. Aug. 24, 2005) and *Khattab El v. United States Justice Dept.*, 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988)). Petitioner cannot unilaterally bestow sovereign immunity upon himself. *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984). Petitioner's purported status as a Moorish-American citizen does not enable him to violate federal laws without consequence. As a result, petitioner's allegations are legally frivolous.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**.

An Order of Dismissal shall accompany this Memorandum and Order.

Dated this 27th day of March, 2020.

SL R. CR

_____
STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE